IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERICO MATIAS-PENA, | § | |
| #54605-177, | § | |
| Movant, | § | |
| | § | CIVIL NO. 3:19-CV-1259-K |
| v. | § | (CRIMINAL NO. 3:16-CR-358-K-2) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Movant Federico Matias-Pena ("Matias-Pena") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2). As detailed herein, Matias-Pena's motion to vacate sentence is **DENIED** with prejudice.

## I. BACKGROUND

After first being charged by complaint and indictment with a co-defendant, Matias-Pena was charged by superseding information on March 10, 2017 with conspiracy to possess with the intent to distribute methamphetamine. *See* Crim. Docs. 1, 16, 51. His appointed counsel withdrew from the case and he was appointed new defense counsel on March 30, 2017. *See* Crim. Docs. 65-66. On May 30, 2017, Matias-Pena was charged by a new superseding information with one count of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) ("Count One"), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"). *See* Crim. Doc. 71. On June 27, 2017, he pled guilty to

both counts of the May 30, 2017 superseding information, under a plea agreement. *See* Crim Docs. 73, 78.

In his plea agreement, Matias-Pena stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, to not be compelled to incriminate himself, and to have the charges presented to the grand jury. *See* Crim. Doc. 73 at 1.  He agreed that he understood the nature and elements of the crimes to which he was pleading guilty, and that a factual resume he signed was true and would be submitted as evidence.  *See id.* at 1-2.  His factual resume included stipulations that he "knowingly and intentionally combined, conspired, confederated and agreed" with his co-defendant and others to possess with the intent to distribute a substance containing methamphetamine, and that "[d]uring and in relation to and in furtherance of the drug trafficking crime, [he] possessed a Jimenez Arms, Inc., Model J.A., 9mm handgun, serial number 253989."  Crim. Doc. 74 at 2; *see also id.* at 3.

At his re-arraignment on June 27, 2017, Movant acknowledged under oath that he discussed the factual resume in detail with counsel, he knew and understood everything in the factual resume, the stipulated facts set forth in the factual resume were true, and each of the essential elements of the offenses to which he was pleading guilty were satisfied in his case.  *See* Crim. Doc. 116 at 16-18, 26-27.  He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in the limited circumstances reserved in

the plea agreement.  *See id.* at 5-9, 20-21.  He pled guilty to both counts of the May 30, 2017 superseding information, and the Court found that his guilty pleas were knowing and voluntary.  *See id.* at 26-28; Crim Docs. 80, 88.

On September 6, 2017, the United States Probation Office ("USPO") prepared a presentence investigation report ("PSR") applying the 2016 United States Sentencing Guidelines Manual.  *See* Crim. Doc. 96-1 at ¶ 32.  The PSR calculated a total offense level of 39 for Count One, and it noted that the guideline sentence for Count Two was the minimum term of imprisonment required by the statute, to run consecutive to any other term of imprisonment.  *See id.* at ¶¶ 46-47.  Based on a criminal history category of I and an offense level of 39, Matias-Pena's guideline range of imprisonment for Count One was 262 to 327 months; because 240 months was the statutory maximum for the offense, it became the guideline term of imprisonment for Count One.  *See id.* at ¶ 77.  The guideline imprisonment range for Count Two was the statutory mandatory minimum of 60 months, to run consecutive to any other sentence imposed.  *See id.*

At the sentencing hearing on December 5, 2017, Matias-Pena's challenge to a two-level importation enhancement was granted, resulting in a reduced offense level for Count One that did not impact the sentencing guideline range.  *See* Crim. Doc. 117 at 7-8.  The Court otherwise adopted the findings of the PSR as the findings of the Court.  *See id.* at 8.  By judgment dated December 6, 2017, Matias-Pena was sentenced to a total term of 150 months' imprisonment, consisting of consecutive terms of 90 months on Count One and 60 months on Count Two, to be followed by three years of

supervised release.  *See* Crim. Doc. 107 at 1-3.  His appeal was dismissed as frivolous on August 24, 2018.  *See* Crim. Docs. 124-25.

Matias-Pena timely filed this Section 2255 motion on May 24, 2019, claiming that: (1) his conviction and sentence on Count Two were the result of ineffective assistance of his first trial counsel; and (2) his guilty plea to Count Two is invalid because it was not entered knowingly, intelligently, or voluntarily.  *See* Doc. 2 at 4-5. The Government filed a response in opposition to the motion on November 20, 2019. *See* Doc. 11.  Matias-Pena filed a reply on January 24, 2020.  *See* Doc. 14.

## II.    SCOPE OF RELIEF UNDER SECTION 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687.  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *Id.* at 697.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691.  To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on

"whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.  <u>Misadvice</u>

Matias-Pena contends that his first trial counsel rendered ineffective assistance because "he misadvi[s]ed [Matias-Pena] and led him to accept to plea guilty to a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime, for which there was no factual-legal basis to convict." Doc. 3 at 6. He appears to argue that the firearm at issue in Count Two could not have been possessed "in furtherance" of a drug trafficking offense for purposes of Section 924(c) because: (1) the firearm was found between two mattresses in the bedroom he shared with his co-defendant and was not loaded; (2) he was arrested following a traffic violation, "no drug transaction was or had been in progress that could have justified the presence of a firearm," and "there are no other people identified or involved in the methamphetamine trade"; (3) "the firearm was not accessible to [him] at any time" because the methamphetamine was in the attic of the residence where he was staying; (4) "the firearm was not visible or displayed to anyone because there was nobody else involved"; and (5) "the firearm was not necessary to defend any area or 'turf' because there was no drug trafficking transaction being carried out at any time." *Id.* at 10.

For purposes of Matias-Pena's charged Section 924(c) offense, a firearm is possessed "'in furtherance' of a drug-trafficking offense if the possession furthers, advances, or helps forward that offense." *United States v. Cooper*, 979 F.3d 1084, 1090 (5th Cir. 2020) (citing *United States v. Ceballos-Torres*, 218 F.3d 409, 412 (5th Cir. 2000)).   Factors relevant to determining whether a firearm is possessed in furtherance of a drug-trafficking offense include:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Ceballos-Torres*, 218 F.3d at 414-15.

Here, the record shows that Matias-Pena rented the area behind a locked door within a residence and shared a bedroom next to that locked door with his co-defendant; Matias-Pena and his co-defendant had been observed entering the area behind the locked door.  Crim Doc. 96-1 at ¶ 18.  The key to the locked door was in Matias-Pena's possession, and behind it were stairs leading to a second floor where law enforcement identified utensils and materials commonly used in methamphetamine conversion laboratories and found both crystalized and liquid methamphetamine.  *See id.* at ¶¶ 18-20.  Located in Matias-Pena's shared bedroom next to the locked door were sales receipts showing purchases for items used in the methamphetamine conversion laboratory, drug ledgers, and a digital scale; cash in the amount of $8,316 was also

seized from the residence. *See id.* at ¶ 21.   The firearm at issue was recovered from under a mattress in the bedroom. *See id.*

Matias-Pena does not dispute that he conspired with his co-defendant to possess with intent to distribute methamphetamine, and the record shows that: he possessed and had access to the firearm by virtue of its location in the shared bedroom; the possession was illegal based on his lack of legal status in the country; the firearm was in the same room as sales receipts for items used in the methamphetamine conversion laboratory drug ledgers, and a digital scale; and the firearm was in close proximity to the laboratory, the drugs, and drug proceeds, all of which were within, or in the backyard of, the residence. *See id.* at ¶¶ 18-22.   Additionally, Matias-Pena admitted in his plea documents that he possessed the firearm during and in relation to and in furtherance of his drug-trafficking crime. *See* Crim. Doc. 74 at 2-3.  This evidence is sufficient to support a possession charge under Section 924(c). *See, e.g.*, *Cooper*, 979 F.3d at 1090 (finding sufficient evidence to support Section 924(c) possession offense where firearm was found, along with drug paraphernalia and baggies typically used for distribution, in closed backpack of passenger in the defendant's car); *United States v. Cooper*, No. H-14-2816, 2015 WL 3916057, at *8 (S.D. Tex. June 25, 2015) (determining there was "ample evidence" of constructive possession to support Section 924(c) conviction where firearms, currency, and ammunition were found in a bedroom, and drugs, drug paraphernalia, and additional currency were found in the kitchen); 18 U.S.C. § 922(g) (criminalizing possession of a firearm by an illegal alien).

Because the record shows that there was sufficient evidence to support Matias-Pena's Section 924(c) offense, he has not shown that counsel's performance was constitutionally deficient, i.e., was outside "the wide range of reasonable professional assistance," when he advised Matias-Pena to plead guilty to Count Two. *Strickland*, 466 U.S. at 689. Additionally, to the extent Matias-Pena alleges that statements made by his second counsel at sentencing show that his first counsel's performance was deficient, his allegations are conclusory and speculative, both of which are insufficient to satisfy his burden under *Strickland*. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

Matias-Pena also has failed to show prejudice under *Strickland*. To demonstrate prejudice in the context of plea negotiations, he must show a reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When a movant claims that "ineffective assistance led to the improvident acceptance of a guilty plea," he must show that, but for counsel's deficient performance, there is a reasonable probability that he "'would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Matias-Pena offers only conclusory allegations of prejudice unsupported by the record. *See* Doc. 3 at 11. A court should not "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v.*

*United States*, 137 S. Ct. 1958, 1967 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that the movant "must substantiate any preference to proceed to trial . . . with 'contemporaneous evidence,' not post hoc assertions."). Because he offers nothing beyond conclusory and *post hoc* allegations of prejudice to support his claim, he has failed to show a reasonable probability that he would have rejected the plea agreement as to Count Two and insisted on proceeding to trial in the absence of the alleged deficiencies of counsel.

Matias-Pena has failed to satisfy both *Strickland* prongs, and he therefore is not entitled to Section 2255 relief on this claim. The claim is denied.

## B.   <u>Failure to Investigate</u>

Matias-Pena contends in his memorandum in support of his Section 2255 motion that "had his defense counsel researched the facts of the case and had defense counsel diligently conducted legal research on § 924(c)(1)(A) and the elements of the offenses ther[e]to, he would have found that there are sufficient on point legal precedent from the Fifth Circuit to challenge the § 924(c)(1)(A) charge[.]" Doc. 3 at 11. Liberally construing these allegations as a separate ground for relief based on an alleged failure to investigate, the Court addresses the claim.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of his counsel

must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however.  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal, that "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him.").  "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, No. 5:19-CV-145, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, Matias-Pena has not shown that further research or investigation would have benefitted his case, and he has not identified what exculpatory evidence such research or investigation would have yielded that was not already available to counsel.  As discussed, the evidence in the record was sufficient to support a charge under Section 924(c) that Matias-Pena possessed a firearm in furtherance of a drug-trafficking offense.  He also admitted in his plea documents and at his re-arraignment that he was guilty of each of the essential elements of Count Two, and that he was pleading guilty because he was guilty.  *See* Crim. Doc. 73 at 7; Crim. Doc. 74 at 2-3; Crim. Doc. 116 at 9, 17-18, 26.  He has failed to show that counsel's performance was deficient based on an alleged failure to investigate.

Matias-Pena also has not provided any facts or evidence showing a reasonable probability that further investigation by counsel would have unearthed evidence that

would have caused him to plead not guilty and proceed to trial, or would have led counsel to change his recommendation on pleading guilty to Count Two. *See Hill*, 474 U.S. at 59 ("where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."). Nor has he shown a reasonable probability that an alleged challenge to his Section 924(c) offense would have been successful. Accordingly, Matias-Pena has failed to show *Strickland* prejudice.

Accordingly, to the extent Matias-Pena alleges a claim of ineffective assistance of counsel based on a failure to investigate, he is not entitled to Section 2255 relief on such claim, and it is denied.

## C.   <u>Voluntariness of Guilty Plea</u>

Matias-Pena contends that his guilty plea to Count Two was not knowing, intelligent, or voluntary because of the ineffective assistance of counsel. *See* Doc. 2 at 5; Doc. 3 at 10.

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant

circumstances and likely consequences.'" *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000). "Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant

understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however.  The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea").  Compliance with the admonishments required under Rule 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas."  *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'"  *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).  Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea."  *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine."  *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review."  *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, relevant to Count Two, Matias-Pena admitted in his factual resume that he knowingly and intentionally conspired with his co-defendant to possess with the intent to distribute a substance or mixture containing methamphetamine, and that he possessed a Jimenez Arms, Inc., Model J.A., 9mm handgun in furtherance of that drug trafficking offense. *See* Crim. Doc. 74 at 2-3. At his re-arraignment, he testified under oath that the factual resume was translated into Spanish and read to him in its entirety, he discussed it in detail with counsel, he knew and understood everything stated in it, and the stipulated facts set forth in it were true. *See* Crim. Doc. 116 at 26-27. The essential elements of Count Two were also expressly stated to him at the re-arraignment, and he affirmed under oath that he understood each of the essential elements of Count Two, and that they had been satisfied in the case. *See id.* at 17-18. At no point did Matias-Pena refuse to enter his plea as to Count Two or voice any objection when confronted with the essential elements of Count Two.

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505

F.2d 926, 929-30 (5th Cir. 1974) (holding that "official records are entitled to a presumption of regularity").

Matias-Pena has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge*, 431 U.S. at 74.   The facts in the record support the charge on Count Two, as discussed, and Matias-Pena's contemporaneous plea documents and sworn statements before the Court show that he admitted to each of the essential elements for that charge; to the extent he relies on the merits of his other ineffective assistance of counsel allegations to support this claim, he has failed to show that he is entitled to relief on those grounds for the reasons addressed.

Matias-Pena has not shown that his guilty plea as to Count Two was rendered involuntary due to the alleged ineffective assistance of counsel.   Accordingly, he is not entitled to Section 2255 relief on this claim, and it is denied.

## IV.    EVIDENTIARY HEARING

Matias-Pena requests an evidentiary hearing. *See* Doc. 14 at 7.  No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).  "[B]are, conclusory allegations unsupported by other

indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1011 n.2 (5th Cir. 1983).

Here, Matias-Pena has failed to demonstrate the existence of a factual dispute that creates a genuine issue.  He also has failed to come forward with independent indicia in support of the likely merit of his claim.  *See Reed*, 719 F.3d at 373.  He has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claims, and his request is denied.

## V.    CONCLUSION

For the aforementioned reasons, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED with prejudice.

SO ORDERED.

Signed August 18th, 2022.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE